UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

CARLOS MONTT
ELBA E. MONTT

Bankruptcy Case No:
1:15-bk-10447

Debtors

RHODE ISLAND COMMISSION FOR
HUMAN RIGHTS, on behalf of
Luisa S. Oliveira

Plaintiff

v.

Adversary Proceeding No:
1:15-ap-_____

CARLOS MONTT

Defendant

COMPLAINT TO DETERMINE DISCHARGEABILITY OF
CERTAIN DEBT AND OBJECTION TO DISCHARGE

PARTIES

1. Plaintiff, Rhode Island Commission for Human Rights (hereinafter referred to as the "Commission") was created pursuant to and empowered by state statute, with its principal office in Providence, Rhode Island. The Commission is the state's primary anti-discrimination law enforcement agency charged with investigating and making decisions upon allegations of discrimination in the area of housing, among others.

2. The Commission brings this action as plaintiff on behalf of Luisa S. Oliveira, a resident of Providence County in the State of Rhode Island (hereinafter referred to as the "creditor").

3. Debtor Carlos Montt (hereinafter referred to as the "debtor") is a resident of Providence County in the State of Rhode Island.

## JURISDICTION

4. This Court has subject matter jurisdiction over the matters alleged in the complaint as this action is being brought pursuant to 11 U.S.C. § 727(c)(2) and 11 U.S.C. § 523 (a)(6) to determine the dischargeability of the debt that debtor Carlos Montt owes to Luisa Oliveira.

5. This proceeding is a core matter.

## ALLEGATIONS

6. On April 6, 2005, the creditor filed a charge with the plaintiff against the debtor, alleging that the debtor discriminated against her with respect to terms and conditions of employment because of her sex, in violation of Rhode Island General Laws § 28-5-1, *et seq.*, the Rhode Island Fair Employment Practices Act.

7. On January 12, 2007, a Preliminary Investigating Commissioner assessed the information gathered by a staff investigator and ruled there was probable cause to believe the allegations of the charge.

8. On April 3, 2007, a Complaint issued that averred, that the debtor, and other actors, had violated the Fair Employment Practices Act.

9. After hearings and consideration of the evidence, the plaintiff, on December 28, 2011, issued a Decision and Order (hereafter "Decision I", attached as Exhibit A) finding that the debtor had violated the Fair Employment Practices Act by aiding and abetting the unlawful sexual harassment of the creditor by other actors in violation of the Rhode Island Fair Employment Practices Act.

10. After further hearings and consideration of the evidence, the plaintiff, on October 9, 2012, issued a second Decision and Order (hereafter "Decision II", attached as Exhibit B).

11. The plaintiff found that the debtor was subject to the jurisdiction of the Commission.

12. The debtor received notice of the proceedings before the plaintiff and was represented by legal counsel who actively participated in the proceedings, thereby affording the debtor a full and fair opportunity to litigate the issues before the plaintiff.
13. The plaintiff awarded the creditor relief against the debtor, and other actors, jointly and severally.
14. The plaintiff found that the debtor "engaged in intentional discrimination" and pursuant to R.I.G.L. § 28-5-24(b) awarded the creditor compensatory damages against the debtor and other actors, jointly and severally.
15. On or about December 28, 2012, more than thirty days after the entry of Decisions I and II, the plaintiff filed a petition in Providence County Superior Court to enforce said Decisions.
16. The debtor was served with a copy of the summons and petition in the enforcement action, by service upon the co-debtor (a copy of the summons is attached hereto as Exhibit C).
17. On March 12, 2013 the Providence County Superior Court entered judgment on behalf of the plaintiff against the debtor, and other actors, in the amount of $127,112.39 as damages, $5,265.59 as interest and $295.00 as costs of suit.
18. An execution on the aforementioned judgment issued from the Providence County Superior Court against the debtor (a copy of the execution is attached hereto as Exhibit D).
19. The aforementioned judgment consisted of an award for lost salary and commissions, together with interest, in the total amount of $14,802.52, an award for pain and suffering, together with interest, in the total amount of $24,720.00, an award for medical expenses and interest, in the total amount of $8,378.95, an award of counsel fees and interest, in the total amount of $78,991.22 and costs and interest in the total amount of $219.70.

WHEREFORE, the Commission prays that this Honorable Court:

(a) Deny the debtor's request to discharge the March 12, 2013 Rhode Island Superior Court judgment in the matter of *Rhode Island Commission for Human Rights, on behalf of Louisa S. Oliveira v. Carlos Montt, et al.*, PC 12-6640 ; and,

(b) Adjudicate and declare that the said Judgment is a non-dischargeable debt; and,

(c) Award the plaintiff attorney's fees and costs as a result of bringing this action as it resulted in a diversion of its resources; and,

(d) Award such other and further relief as it deems meet and just under the circumstances.

Francis A. Gaschen, Esquire #1678
180 Westminster Street
Providence, RI 02903-1918
(o) 401.222.4477
(f) 401.222.2616
Francis.Gaschen@richr.ri.gov

*Attorney for the plaintiff, Rhode Island Commission for Human Rights*

## AFFIDAVIT

I, Luisa S. Oliveira, declare under penalty of perjury that the information contained in this complaint, about which I have personal knowledge, is true and correct, and as to such information about which I lack personal knowledge, I believe such information to be true and correct.

LUISA S. OLIVEIRA

Dated: April 8, 2015

4