STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 05 ESH 200            EEOC NO. 16JA500124

Luisa S. Oliveira
    Complainant

v.            DECISION ON THE MOTION FOR ASSESSMENT OF ATTTORNEY FEES AND DETERMINATION OF MEDICAL DAMAGES

Furniture Mattress Warehouse, Inc., Carlos Montt,
Jorge Montt, Erwin Vasquez and Rene Garcia
    Respondents

## INTRODUCTION

On April 6, 2005, Luisa S. Oliveira (hereafter referred to as Complainant) filed a charge against Furniture Mattress Warehouse, Inc., Mukesh Tandon, Carlos Montt, Jorge Montt, Erwin Vasquez and Rene Garcia with the Rhode Island Commission for Human Rights (hereafter referred to as the Commission). Probable cause to believe the allegations of the charge was found, a Complaint and Notice of Hearing issued and hearings on the Complaint were held before Commissioner Camille Vella-Wilkinson.

On December 28, 2011, after the hearings had concluded, the Commission issued a Decision and Order. The Commission found that the Complainant did not prove the allegations of the Complaint with respect to Mukesh Tandon and dismissed the Complaint against him. The Commission found that Furniture Mattress Warehouse, Inc., Carlos Montt, Jorge Montt, Erwin Vasquez and Rene Garcia (hereafter referred to as the Respondents) violated the Fair Employment Practices Act, Title 28, Chapter 5 of the General Laws of Rhode Island (hereafter referred to as the FEPA) with respect to the allegations of the Complaint.

The Commission Decision and Order, which found that the Respondents committed unfair employment practices, ordered the following in relevant part:

> II. Violations of R.I.G.L. Section 28-5-7 having been found with respect to the respondent employer, Rene Garcia, Erwin Vasquez, Jorge Montt and Carlos Montt, the Commission hereby orders:
>
> …



2. That the respondent employer, Rene Garcia, Erwin Vasquez, Jorge Montt and Carlos Montt are jointly and severally liable to pay the complainant $7,185.69 together with statutory annual interest of 12% from the date the cause of action accrued, February 2004, until paid, to compensate for her lost salary and commissions in the fall of 2004 while she was on sick leave;

3. That the respondent employer, Rene Garcia, Erwin Vasquez, Jorge Montt and Carlos Montt are jointly and severally liable to pay the complainant the amounts charged for medical treatment and counseling for PTSD and stress reaction, together with statutory annual interest of 12% from the date the cause of action accrued, February 2004, until paid; the amounts to be determined at a later Commission hearing if the parties cannot stipulate on the amounts on or before 45 days from the date of this Order;

4. That the respondent employer, Rene Garcia, Erwin Vasquez, Jorge Montt and Carlos Montt are jointly and severally liable to pay the complainant $12,000 as compensatory damages for pain and suffering together with statutory annual interest of 12% from the date the cause of action accrued, February 2004, until paid;

5. That the respondent employer, Rene Garcia, Erwin Vasquez, Jorge Montt and Carlos Montt submit proof of payment to the complainant in accordance with Paragraph II (2 and 4) within 75 days of the date of this Decision and Order;

6. That the respondent employer, Rene Garcia, Erwin Vasquez, Jorge Montt and Carlos Montt submit proof of payment to the complainant in accordance with Paragraph II (3) within 30 days of the date that the amount is determined or agreed upon; …

III. The attorney for the complainant may file with the Commission a Motion and Memorandum for Award of Attorney's Fees no later than 45 days from the date of this Order. The respondent employer, Rene Garcia, Erwin Vasquez, Jorge Montt and Carlos Montt may file a Memorandum In Opposition no later than 45 days after receipt of the complainant's Motion. The parties' attention is directed to Banyaniye v. Mi Sueno, Inc. and Jesus M. Titin, Commission File No. 07 PPD 310 (Decision on Motion for Attorney's Fees 2009) for factors to be generally considered in an award of attorney's fees under the FEPA. If any party elects a hearing on the issues involved in the determination of an appropriate award of attorney's fees, the party should request it in the memorandum.

Decision and Order, pp. 21-22.

On February 7, 2012, the Complainant filed a Motion for Assessment of Attorney Fees.

The attorneys for Respondents Furniture Mattress Warehouse, Carlos Montt and Jorge Montt filed Motions to Withdraw which were granted on July 18, 2012. The Decision granting the Motions to Withdraw gave the Respondents, who were now pro se, until August 20, 2012 to object to the Complainant's Motion for Assessment of Attorney Fees and to the Complainant's calculations on medical damages. It also provided that the Respondents could request a hearing on these issues. The Respondents did not file objections and did not request a hearing.

## I. ASSESSMENT OF MEDICAL DAMAGES

The Complainant submitted documentation that she incurred damages of $4,407.45 for medical treatment, counseling for PTSD and stress reaction, and witness fees for a medical expert. The Respondents do not object to the amount. The Complainant's documentation generally appears to be valid and the amounts reasonable. The reimbursement requested includes the fee of Melissa Kelley for appearing at the Commission. While this is not a medical expense of the Complainant, it is still an amount which should be paid by the Respondents as R.I.G.L. Section 28-5-24(3) provides that: "In appropriate circumstances attorney's fees, **including expert fees** and other litigation expenses, may be granted to the attorney for the plaintiff if he or she prevails". [Emphasis added.]

There are a few expenses that should be deducted from the claimed amount. With respect to the charges for treatment by Melissa Kelly, there are charges for "late ind cancellation" and "missed individual" which should not be paid by the Respondents as the charge is not for medical treatment. Those amounts charged total $320. With respect to charges from Hypertension & Nephrology, the Respondents should not be charged for the flu shot ($20) Therefore, the Commission will Order that the Respondents pay the Complainant $4067.45 as the amounts charged for medical treatment and counseling for PTSD and stress reaction and for expert fees.

## II. AWARD OF INTEREST

The total damages awarded to date is $23,253.14 ($7,185.69 to compensate for the Complainant's lost salary and commissions, $12,000 as compensatory damages for pain and suffering and the damages relating to the amounts charged for medical treatment and counseling for PTSD and stress reaction and expert fees, $4067.45). Annual 12% interest on that amount is $2790.38[1]. Daily interest on that amount is $7.64[2]. The interest from February 28, 2004 to September 28, 2012 covers a period of 8 years and 213 days. The interest as of September 28, 2004 is therefore $23,950.36.[3]

---

[1] $23,253.14 x 0.12 = $2790.38.
[2] $2790.38/365 = $7.64.
[3] ($2790.38 x 8 years = $22,323.04) + ($7.64 x 213 days = $1627.32) = $23,950.36.

3

Exhibit B.    Decision    Page 4 of 10

## III. ASSESSMENT OF ATTORNEY FEES

### A.    Introduction

Section 28-5-24(a)(3) of the FEPA provides in relevant part that: "In appropriate circumstances attorney's fees, including expert fees and other litigation expenses, may be granted to the attorney for the plaintiff if he or she prevails."

In establishing its standards for determination of issues, the Commission utilizes the decisions of the Rhode Island Supreme Court, the Commission's prior decisions and decisions of the federal courts interpreting federal civil rights laws. The Rhode Island Supreme Court has utilized federal cases interpreting federal civil rights law as a guideline for interpreting the state anti-discrimination laws. "In construing these provisions, we have previously stated that this Court will look for guidance to decisions of the federal courts construing Title VII of the Civil Rights Act of 1964. See Newport Shipyard, Inc., 484 A.2d at 897-98." Center for Behavioral Health, Rhode Island, Inc. v. Barros, 710 A.2d 680, 685 (R.I. 1998).

The Complainant seeks attorneys' fees of $86,433.75 for work up to July 24, 2012. This sum reflects 265.95 hours of work at a rate of $325 per hour plus 18.75 hours at no charge. The Complainant also seeks $213.30 in costs. As noted above, none of the Respondents filed an objection.

### B. There Are No Special Circumstances That Would Make an Award of Attorney's Fees Unjust

Both federal practice and Commission practice provide that attorney's fees should be granted to complainants who prevail in civil rights cases unless special circumstances would make such an award unjust. See Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400 (1968); Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978), Banyaniye v. Mi Sueno, Inc. and Jesus M. Titin, Commission File No. 07 PPD 310 (Decision on Motion for Attorney's Fees 2009) (Banyaniye) and Morro v. State of Rhode Island/Department of Corrections, Decision on Request For Attorney's Fees, Commission File No. 81 EAG 104 (1982) (Morro). In this case, the circumstances are appropriate for an award of attorneys' fees.

### C.    The Appropriate Amount of Attorneys' Fees

To calculate the lodestar amount for attorney's fees, the number of hours reasonably expended by counsel is multiplied by a reasonable hourly rate. City of Burlington v. Dague, 505 U.S. 557, 559, 112 S. Ct. 2638, 2640 (1992) (Dague).

The Commission, in the past, has looked at a number of factors to determine whether to increase or decrease the lodestar. Morro. Those factors include the novelty and/or difficulty of the questions involved, the skill needed to perform the legal services, preclusion of other employment by the attorney, the customary fee in the community, time limitations imposed, the monetary and other results obtained, the experience, reputation and ability of the lawyer, the undesirability of the case, the nature and length of the attorney's professional relationship with the client and awards in similar cases.  The federal courts over the years have been changing the way in which they utilize these factors, instead of using them to determine whether to grant an increase in the lodestar amount, they have been using them to determine the lodestar amount.  Courts have been holding that in most cases the lodestar amount is the proper amount to be awarded.  Blum v. Stenson, 465 U.S. 886, 897, 898-899, 104 S. Ct. 1541, 1548, 1549 (1984) (the attorney's fees to be awarded in this federal Section 1988 suit should not be adjusted upward; the lodestar is presumed to be the reasonable fee to be awarded; the results obtained and the complexity and novelty of a case should be factors considered in calculating the lodestar not as a factor to justify increasing the fee; the special skill of the attorney justifies an increase in the lodestar only in rare cases); Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 – 565, 106 S. Ct. 3088, 3098 (1986) (a fee under the Clean Air Act could not be enhanced for superior quality of the work of plaintiff's attorney; the lodestar is presumed to be the correct amount; upward modification of the lodestar occurs in only unusual cases); Dague, 505 U.S. at 562, 567, 112 S. Ct. at 2641, 2643-2644 (it is impermissible to increase an attorney's fee under the Clean Water Act on the basis that it was brought on a contingent-fee basis; there is a strong presumption that the lodestar is the correct fee to be awarded; case law interpreting a reasonable attorney's fee under federal fee-shifting statutes should be uniformly applied to all the statutes).  Indeed, the Commission has been following these precedents *de facto*; it has not awarded an increase in the lodestar amount in the past ten years, except for one case in which the lodestar was adjusted to reflect the delay in payment.  The Commission will examine the above-cited factors in determining the lodestar.[4]  Banyaniye.

1. The number of hours reasonably expended by Complainant's counsel

The Commission first examines the number of hours claimed by the Complainant.  The Complainant's attorney asks that he receive a fee for 265.95 hours of work up until July 24, 2012.

The Commission finds that the hours submitted were generally reasonable.  The Commission will deduct time in one instance. In the Complainant's attorney's motion for fees relating to work done after the first attorney's fees petition was filed, he asks fees for four hours of work on May 11, 2012.  He notes on that date that it was to "Prepare for and attend motions to withdraw, portal to portal RICHR; conference with attorney". Considering that the hearing in question was 22 minutes long and that the representative of Complainant's attorney withdrew his objections to the Motions, 4 hours is excessive. The Commission reduces the number of compensable hours to 2.5.  Thus, the Commission

---

[4] There may be cases in which the lodestar should be increased, but the circumstances of this case do not warrant that.

5

calculates the number of compensable hours as 264.45 and will award fees for those hours.

2. The reasonableness of the requested hourly fee

The Complainant seeks a rate of $325 per hour. As discussed above, the Commission will look at the factors of the undesirability of the case, the nature and length of the attorney's professional relationship to the client, preclusion of other employment by the attorney, time limitations imposed, the monetary and other results obtained, the novelty and difficulty of the questions involved, the skill needed to perform the legal services, the experience, reputation and ability of the lawyer, the customary fee in the community, and awards in similar cases in evaluating that rate.[5]

This case was not undesirable. The professional relationship of the attorney and the Complainant was not unusual except for the complexities posed by the Complainant's illness in the middle of the proceedings which made scheduling and the attorney's consultation with his client difficult at times. The amount of time needed to hear the case and the large number of hours needed to represent the Complainant would have at least some impact on the attorney's ability to take other cases. The time limitations imposed were not unusual.

The Commission ordered the Respondents to pay the Complainant $7,185.69 to compensate for her lost salary and commissions, $12,000 as compensatory damages for pain and suffering and the damages relating to the amounts charged for medical treatment and counseling for PTSD and stress reaction, and expert fees, which amount has been finalized in this Decision, $4067.45. In addition, the Commission has awarded statutory annual interest of 12%. The Commission also ordered that the Respondents and the managers of the Respondent employer undergo training on the provisions of state and federal law prohibiting discrimination in employment, and that the Respondent employer post the Commission anti-discrimination poster and develop a sexual harassment policy. Thus the Complainant received a significant remedy and the hourly rate should not be decreased because of this factor.

Harassment is not a novel issue in employment discrimination law. A reasonable level of skill was needed to present the case.

The Complainant's attorney states that he is an experienced trial attorney who currently bills and receives an hourly rate of $350 per hour. He had been engaged in the general practice of law for 21 years as of the date of the last hearing. He has conducted a number of trials and has litigated and resolved several Section 1983 cases. He has submitted an affidavit from Attorney James Bigos, a trial attorney who has practiced in Rhode Island since 1983. Attorney Bigos gives his opinion, based on his acquaintance with the skills and expertise of

---

[5] The Commission has held that the contingency of the fee will rarely, if ever, be a factor for consideration in determining an appropriate attorney's fee (Ezersky v. Rite-Way Forms, Inc., Decision and Order on Attorney's Fees and Damages, p. 6, Commission File No. 02 EPD 301 (2009)), and the Commission will not consider this factor in its determination.

6

the Complainant's attorney and with the fees customarily charged in the locality, that the Complainant's request for a fee of $325 per hour is reasonable.

The Complainant's attorney presented the case in an effective way, particularly considering the difficulty of dealing with the different requests, objections and trial strategies of the three attorneys for the Respondents.

The Commission has awarded hourly fees to attorneys ranging from $35 per hour to $290 per hour. In 2003, attorneys who submitted a supplemental motion for attorney's fees in a Title IX discrimination case were awarded fees at rates ranging from $175 per hour to $305 per hour. Cohen v. Brown University, 2003 WL 21511123 (D. N.H. 2003). In Shoucair v. Brown University, 2004 WL 2075159 (R.I. Super. 2004), an employment discrimination case, the Court found $275 per hour to be a reasonable hourly rate to award an attorney with extensive experience in labor and employment litigation. In a recent case involving the constitutionality of a Rhode Island law relating to how an organization qualifies as a political party, the U.S. District Court judge ruled that fees at the rate of $250 for partner work and $150 for associate work were reasonable hourly rates for Rhode Island lawyers. Block v. Mollis, 2009 WL 2208107, 3 (D.R.I. 2009). In Spruill v. Alexander, 2011 WL 2413837 (D.R.I. 2011) *adopted by* Spruill v. Alexander, 2011 WL 2363520 (D.R.I. 2011), the Court awarded attorney's fees in a case that successfully challenged a Rhode Island agency's procedures as inconsistent with federal law. The Court awarded a local civil rights attorney, with 34 years of experience concentrating in civil rights and constitutional issues, an hourly rate of $250 per hour rather than the $290 hourly rate which she sought.[6]

3. The lodestar and costs

Taking all of the above factors into account, the Commission finds that $290 per hour is a reasonable hourly rate for the work by the Complainant's attorney. The Complainant's attorney successfully represented the Complainant in a harassment case with no complex legal or factual issues and obtained a significant remedy for her. The case was more difficult than usual to present because the Respondents were represented by three attorneys. Lower rates than $290 per hour have recently been awarded by the Federal Court for the District of Rhode Island. The $290 hourly rate is the highest awarded by the Commission to date. While the Complainant's attorney is an experienced trial attorney, he does not have extensive experience in employment discrimination cases. The Commission finds that the rate of $290 per hour is reasonable. Therefore, the lodestar amount is $76,690.50 (264.45 hours x $290 per hour).

The Complainant did not prevail in her claim against Mukesh Tandon. The Commission does not reduce the amount of attorney's fees awarded because she did not succeed on that claim. None of the factual or legal issues raised by the Complainant applied only to the case against Mukesh Tandon. Evidence submitted with respect to Mr. Tandon would have been

---

[6] In part, the rate was discounted based on the less complex work that she did as local counsel.

7

submitted in any case in the claim against Furniture Mattress Warehouse, Inc., the company of which he was the President. Therefore, the Commission will award the lodestar amount.

The Complainant's attorney also seeks $213.30 in costs. His claimed expenses are reasonable and the Commission awards that amount.

## ORDER

The Respondents were under previous order to pay the Complainant $19,185.69 to the Complainant as of February 2012. The Respondents have thirty days from the date of this Order to pay the Complainant, in addition:

1) $4067.45 in medical damages and expert fees;
2) $23,950.36 in interest accrued up to September 28, 2012;
3) $76,690.50 in attorney's fees; and
4) $213.30 in costs.

The Respondents must continue to pay 12% annual interest on all of the damages, which will accumulate until the amount is paid. The Respondents must pay 12% annual interest on the amount of attorney's fees and costs starting as of the date of this Decision and continuing until the attorney's fees and costs are paid.

The Respondents are jointly and severally liable to pay damages, attorney's fees, costs and interest.

Entered this 9th day of October, 2012.

_____
Camille Vella-Wilkinson
Hearing Officer


_____                _____
Rochelle Bates Lee                                        Nancy Kolman Ventrone
Commissioner                                                 Commissioner

## CERTIFICATION

I certify that I mailed a copy of the within DECISION ON THE MOTION FOR ASSESSMENT OF ATTORNEY FEES AND DETERMINATION OF MEDICAL DAMAGES and Judicial Review Notice in the case of Luisa S. Oliveira v. Furniture Mattress Warehouse, Inc., Carlos Montt, Jorge Montt, Erwin Vasquez and Rene Garcia, Commission File No. 05 ESH 200, to the following persons by regular mail, postage prepaid, on October 9, 2012:

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Mr. Rene Garcia
105 Hanover Street
Providence, RI 02907

Mr. Jorge Montt          91 7108 2133 3936 3328 8840
73 Waverly St.
Providence, R.I. 02907
(regular and certified mail)

Mr. Carlos Montt         91 7108 2133 3936 3328 8864
258 Farmington Ave.
Cranston, RI 02920
(regular and certified mail)

Furniture and Mattress Warehouse. Inc.
c/o Mr. Mukesh Tandon     91 7108 2133 3936 3328 8857
100 Bailey Blvd.
East Greenwich, R.I. 02818
(regular and certified mail)

Mr. Erwin Vasquez
15 Hawkins St. #1Fl..
Providence, R.I. 02908

Ms. Luisa S. Oliveira
62 Pawtucket Avenue, Floor 2.
Pawtucket, RI 02860-3809

*Betsy Ross*
Betsy Ross
Chief Clerk
10/9/12

STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

### JUDICIAL REVIEW NOTICE
Pursuant to §42-35-12 of the RI General Laws

Please take notice that you have the right to have judicial review of a final Order in a court of law pursuant to the Administrative Procedures Act, Section 42-35-15 of the Rhode Island General Laws. Proceedings for review are instituted by filing a complaint in the superior court of Providence County or in the superior court in the county in which the cause of action arose. The complaint must be filed with that court within thirty days after mailing notice of this final decision, or, if you have requested a rehearing, within thirty days after the decision on your request for a rehearing. Copies of the complaint must be served upon the Rhode Island Commission for Human Rights and all other parties of record in the manner prescribed by applicable procedural rules of court and within ten days after you file the complaint in court.

If you have any questions, please seek the advice of an attorney. If you do not have an attorney, you may contact the Lawyer Referral Service of the RI Bar Association. Staff of the RI Commission for Human Rights cannot give you any legal advice.